## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PANG PADICHIT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNKNOWN COOK COUNTY | ) | CIVIL NO. 04-388-MJR |
| OFFICIALS, UNKNOWN DOCTORS | ) | |
| AND OPTOMETRISTS, DONALD | ) | |
| SNYDER, LARRY HOPKINS, DALE | ) | |
| SPILLER, SANTOS, FRANCIS KAYIRA, | ) | |
| EDWIN BOWEN, and M. WILLIAMS, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a former inmate in the Cook County Jail and the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**   Against unspecified Cook County Jail officials and medical staff for deliberate indifference to his serious medical needs.

**COUNT 2:**   Against Defendants Kayira, Spiller, Santos, Williams, and an unspecified optometrist for deliberate indifference to his serious medical needs.

**COUNT 3:**   Against Defendants Snyder, Bowen, and Hopkins for denying Plaintiff and other inmates medical treatment.

**COUNT 4:**   Against Defendant Bowen for due process violations in the grievance process.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that in June 2001, while detained in the Cook County Jail, he began to have headaches, resulting from a head trauma, and difficulty seeing out of his right eye.  At some point during his detainment in the jail, he suffered a heart attack which lead to additional diagnoses of heart disease, high blood pressure, glaucoma, and cataracts.  The doctors, however, never tested or

- 2 -

treated him for diabetes. Despite twenty visits with physicians, Plaintiff continued to have headaches and deteriorating vision in his right eye. He did undergo some type of laser surgery in 2001 while at the jail, but he was later told that to fully correct the problem he would have to see an outside specialist. Plaintiff argues that physicians and officials in the Cook County Jail were deliberately indifferent to his serious medical needs of heart disease, high blood pressure, cataracts, glaucoma, and diabetes.

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7ᵗʰ Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7ᵗʰ Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7ᵗʰ Cir. 2002). Based on the factual

- 3 -

allegations and the legal standards described above, Plaintiff has failed to state a claim of deliberate indifference against Cook County Jail officials.  Although heart disease, high blood pressure, cataracts, glaucoma, and diabetes are serious medical needs, Plaintiff has not demonstrated that jail officials and medical staff were deliberately indifferent to those needs as required to state a claim. Plaintiff himself states that he saw physicians approximately twenty times for his various conditions, including receiving laser eye surgery in 2001.  This is not deliberate indifference.  While Plaintiff may have disagreed with the medical treatment he received at the jail, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference.  *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  Accordingly, Count 1 is **DISMISSED** from the action with prejudice, *see* 28 U.S.C. § 1915A, as are the defendants associated with the claim.

## Count 2

On June 15, 2003, Plaintiff was sent to Centralia Correctional Center.  As a result of the move, Plaintiff never saw the specialist recommended by the physicians at the Cook County Jail. On July 24, 2003, Plaintiff saw an unspecified eye doctor[1] at Centralia and complained of intense pain.  The doctor told Plaintiff that he could do nothing to help his cataracts.  The exhibit submitted with the complaint indicates, however, that the physician's examination revealed "no retinopathy." On November 18, 2003, Plaintiff was again having intense headaches and could not see out of his right eye.  He saw Defendant Williams, who ordered reading glasses.  According to an exhibit submitted with the complaint, Defendant Williams noted Plaintiff's amblyopia and cataract during

---

[1]Plaintiff submits an optometric exam form documenting this examination, but the notes and physician's name are illegible.

the exam, and indicated that those conditions should be monitored.  Plaintiff saw the unspecified eye

doctor at Centralia again on January 29, 2004, complaining of intense headaches.  The doctor told

Plaintiff that he could not help him with his headaches or eye problems.

Plaintiff states that Defendants Kayira, Santos, and Spiller, and the doctors listed in the

caption–Defendants Williams and Santos, and an unknown optometrist employed by the IDOC–

were deliberately indifferent to his serious medical needs in that they refused to treat his headaches,

glaucoma, and cataracts, ultimately causing severe deterioration of his eyesight and severe emotional

distress.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of

prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a

broader range of conduct than intentional denial of necessary medical treatment, but it stops short

of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also*

*Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996),

*cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements.  The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977.  As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Id.*  The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference."  *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

- 5 -

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm....  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

- 6 -

Based on Plaintiff's allegations and the legal standards noted above, Plaintiff's claim of deliberate indifference to his serious medical needs by Defendants Kayira, Spiller, Santos, Williams, and the unspecified optometrist cannot be dismissed at this point in the litigation.

## COUNT 3

Plaintiff states that Defendants Snyder, Bowen, and Hopkins knowingly and intentionally created or continued a custom or policy of discouraging treatment of prisoners for all but the most obvious medical conditions.  Plaintiff here states his claim in very general terms.  However, liability under section 1983 comes only from the specific deprivation of a constitutional right by a state actor.

> To state a claim under section 1983, "[A] plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995) (citation omitted). To be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.*

*Johnson v. Snyder*, 444 F.3d 579, 583-84 (7th Cir. 2006).  "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' "  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Under these standards, Plaintiff must allege that Defendants Snyder, Bowen, and Hopkins knew specifically that Plaintiff was being denied medical treatment, and either facilitated, approved, condoned, or turned a blind eye to it.  Plaintiff has not made that requisite showing.  He states only that the Defendants knew in a general way that inmates were not being treated adequately

- 7 -

throughout the Illinois Department of Corrections and Centralia Correctional Center. This statement is insufficient to state a claim that Plaintiff was deprived by these state actors of a constitutional right under section 1983. Accordingly, Count 3 is **DISMISSED** from the action with prejudice, *see* 28 U.S.C. § 1915A, as are the defendants associated with the claim.

COUNT 4

Plaintiff states that Defendant Bowen withheld Plaintiff's grievances, in violation of the Illinois Code of Corrections and Plaintiff's due process rights.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Count 4 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

SUMMARY AND CONCLUSION

Plaintiff is allowed to proceed against Defendants Kayira, Spiller, Santos, Williams, and the unspecified optometrist on Count 2 of the complaint. All other counts and Defendants Snyder, Hopkins, Bowen, and unspecified Cook County Jail officials are **DISMISSED** from the action.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants ***Kayira, Spiller, Santos, Williams, and the unspecified Centralia Correctional Center Optometrist BY NAME*** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **5** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until**

**Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants ***Kayira, Spiller, Santos, Williams, and the unspecified Centralia Correctional Center Optometrist***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants ***Kayira, Spiller, Santos, Williams, and the unspecified Centralia Correctional Center Optometrist*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. ***Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is ADVISED that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.***

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the

- 9 -

court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 11th day of July, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**